Kirkpatrick O. J.
The first question -which presents *355 itself in the consideration of the case is, whether the proceedings of a court martial can be reviewed here oncertiorari.
The martial law has for its object the order, discipline and duty of an army. It operates on the person to compel obedience. It extends to all in actual service, whether as soldiers by voluntary enlistment, or as militia called out for a limited time. In countries which claim to be free, and of course* in this country, it is prescribed by the supreme power of the state, and is sometimes called “ The rules of war.” In the execution of this law there are courts of various grades, and from the inferior there is an appeal to, or rather a revision of the sentence by the superior, and ultimately by the commander in chief. But so long as they keep themselves within their jurisdiction, the civil courts cannot interfere.
But if the legislature create a court which operates upon the persons and property of private citizens in civil life, even though the court should be composed of military officers, yet still it is a civil court, it is a court too of inferior jurisdiction, the proceedings of which may be brought up and examined in the supreme court of judicature of the state. It is true that whole cities or districts may, on great emergencies, from the necessity of the thing, be declared to be under martial law, and be subjected to all the rules of war by a military commander; and in that case the power of the civil courts is wholly superceded. But no such thing has yet taken place in Neio-Jersey.
The court then, whose proceedings are before us, being a court constituted by statute, and acting against the private citizen by way of fine to punish for neglect of military duty, and not acting at all upon the person to compel obedience, must, I think, be considered as a civil and not as a military court. And if so, its proceedings are the proper object of examination here, as are also those of all other inferior jurisdictions.
After looking into the return made to this writ, I shall only observe, that the proceedings here complained of, wrere had in *time of war. They were, no doubt, thought *356 to be justified by the exigency of the occasion. But we examine them as lawyers.
The judgment of fine against the plaintiff, is professedly founded upon the general orders of the commander of the brigade, and not upon the act of the legislature. The general, after stating in his general orders, that the law of the state is not explicit as to the mode of imposing and recovering fines from those who have refused to obey, their country’s call, says he thinks it his indispensable duty, to issue those orders; and thereby he requires the captains of companies to ascertain those who were delinquent under the general orders of August 1812, and April 1813, and to fine them indiscriminately in the sum of 50 dollars each.
It is true, that the act says, any person neglecting or refusing to perform his tour of duty, when called, shall pay a fine not exceeding 50 dollars. But it constitutes no court to judge of this neglect, or to impose this fine ; and the general has undertaken to supply this defect, by his general orders, constituting a court of his own.
Now I believe it is a clear principle, that when the law imposes a penalty or sets a fine, it must be adjudged of, sued for, and recovered in the known and established courts of law having cognizance thereof, and according to the usual course of such courts, unless some other tribunal be expressly created and appointed for that purpose ; and that whether the penalty or fine, be given to general or special, public or private uses.
I apprehend therefore, there was a mistake in the general’s creating this new court, and in giving this new jurisdiction to the captains under his command.
But in this case, even the general order was not pursued. The captain did not impose the fine as appears by the record, but what is called the battalion court of appeal, imposed it. They say in the return, “ The court not considering the excuse a lawful one, find him (the defendant below), according to general orders in the sum of 49 dollars and 17 cents.
The proceedings therefore, in my opinion, are altogether irregular, and must be set aside.
Proceedings set aside.